UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
O'NEIL WALLACE,

                Petitioner,

-v-

D. LACLAIR, Superintendent, Franklin Correctional
Facility,

                Respondent.
------------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 1 0 2012 ★

BROOKLYN OFFICE

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
12-CV-2117 (CBA)

AMON, Chief United States District Judge:

Petitioner O'Neil Wallace, pro se, seeks appointment of counsel in this federal habeas

proceeding. For the reasons stated below, the Court will not appoint counsel at this time.

## STANDARD OF REVIEW

There is no constitutional right to representation by counsel in habeas proceedings.

Green v. Abrams, 984 F.2d 41, 47 (2d Cir. 1993) (citing United States ex rel. Wissenfeld v.

Wilkins, 281 F.2d 707, 715 (2d Cir. 1960)). However, a court may, in its discretion, appoint

counsel where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The standard for

the appointment of counsel in civil cases, including habeas corpus proceedings, is set forth in

Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986); see also Cooper v. A. Sargenti Co.,

877 F.2d 170, 172 (2d Cir. 1989). The threshold inquiry is whether the petitioner's position

appears to have some chance of success. See Hodge, 802 F.2d at 60-61; see also Burgos v.

Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Only then should a court consider other criteria. See

Hodge, 802 F.2d at 61-62. The other factors include:

> [Petitioner's] ability to obtain representation independently, and his ability to handle the
> case without assistance in the light of the required factual investigation, the complexity of
> the legal issues, and the need for expertly conducted cross-examination to test veracity.

Cooper, 877 F.2d at 172.

1

## DISCUSSION

The petitioner was convicted of manslaughter in the second degree, N.Y. Penal law §125.15, for pointing a gun at his wife, Beverly Wallace, and shooting her. The defendant's theory at trial was that Mrs. Wallace's death was not intentional but an accident: that Mr. Wallace picked up the gun to get his wife's attention, not with the intent to hurt or kill her, and that the gun went off by accident during an argument. (See Trial Tr. at 419-427.)

The petitioner raises the following claims for relief: (1) the evidence was legally insufficient to support his conviction; (2) the trial court erred in permitting into evidence the transcript of a 911 call placed by the victim's mother; and (3) trial counsel was ineffective for (a) failing to pursue a defense that medical malpractice was an intervening cause of the victim's death, and (b) failing to preserve for appellate review a claim that there was insufficient evidence to support his conviction.

The Court has reviewed the petition, the parties' submissions, and the record and concludes that petitioner's claims are not likely to be of merit. As to the sufficiency of the evidence claim, the Court's preliminary review of the record indicates that there was ample basis for the jury to reject the defendant's claim that the shot was accidental and rationally conclude that Mr. Wallace shot his wife intentionally, or at least that Mr. Wallace consciously disregarded a substantial and unjustifiable risk of death when he pointed the gun at his wife, even if he did not intend to shoot it.

As to the remaining claims, the Court finds that they are not likely to succeed on the merits. Moreover, even if the petitioner could establish that an evidentiary error was made at trial, or that his counsel was ineffective, any such error or deficient performance would likely have been harmless in light of the overwhelming evidence that Mr. Wallace pointed a loaded gun at his wife. The Court finds it unlikely that the exclusion of the 911 call or the presentation of a

2

medical malpractice defense would have altered the jury's conclusion as to whether Mr. Wallace fired the gun intentionally. Finally, the record indicates that the petitioner was not prejudiced by his counsel's failure to preserve his sufficiency of the evidence claim because the Appellate Division chose to address the claim on the merits on direct appeal.

## CONCLUSION

For the reasons set forth herein, the Court concludes that "the interests of justice" do not require the appointment of counsel in this case. The legal issues implicated by petitioner's claims, while important, are not so complex as to require appointment of counsel. Accordingly, at this time, petitioner's motion for appointment of counsel is denied without prejudice.

SO ORDERED.

Dated: Brooklyn, New York
       September 1 $\mathcal{U}$, 2012

                                    S/Chief Judge Amon

                                    Carol Bagley Amon
                                    Chief United States District Judge